ELIZABETH N. AUSTIN, Respondent, *v.* GIFFORD AUSTIN, Appellant.

First Department, October 27, 1953.

*Richard H. Thomas* for appellant.

*Samuel D. Johnson* of counsel (*Seymour B. Quel* on the brief; *Denis M. Hurley, Corporation Counsel,* attorney), for respondent.

*Per Curiam.* From an order of the Domestic Relations Court directing the husband to pay $25 weekly to plaintiff, his wife, on a " means " basis, defendant, husband, appeals.

Since the marriage in 1951, the parties have been living together as man and wife in a five-room apartment provided by the husband in a building owned by his father. The husband lost his permanent employment as an electrician in February, 1953, but he showed his good faith in attempting to procure other employment and by his efforts succeeded in getting numerous small jobs in different places which produced some income but much less than the income he had procured

from his permanent job. On the argument it appears that he is now working at his trade receiving $60 a week. The record sufficiently establishes that since loss of employment, in addition to the apartment, he has also been furnishing food for the parties and paid at least some of the utility bills. The wife claimed various forms of illness and consulting physicians therefor; but the only proof in addition to her rather vague claims was production of a few medical prescriptions. The husband said he recommended the family doctor to the wife, but she went to other doctors; no doctors were called.

The husband apparently paid the $25 directed from June 6, 1953, until August 15, 1953. He procured a stay from this court from further payments on condition, among others, that he post a surety company bond in the sum of $250 " when the present cash deposit is exhausted." The cash deposit has been exhausted.

The husband, of course, is bound to support his wife, but only in accordance with his means; and the wife, living with her husband and claiming support, should in turn perform her wifely duties. The husband, accordingly, should continue to support his wife in the apartment provided for by him, provide necessary food, pay necessary utility bills and other reasonably necessary expenses properly incurred.

On the particular facts and circumstances disclosed in this record, we are of the opinion that there is an absence of adequate and proper proof to justify the order appealed from directing the husband to pay indefinitely $25 a week. The amounts already paid sufficiently cover anything that may be due for utility bills and claimed medical expenses; and, therefore, the wife need not repay any sums already paid to her.

Instead of litigating the issues between them in court at the cost of time, expense and harassment to both, the parties, still living together as man and wife, should recall the solemn vows and promises mutually made, and amicably compose relatively trivial differences.

The order appealed from should be reversed, the bond vacated, and the petition dismissed, without costs.

PECK, P. J., DORE, COHN, BREITEL and BASTOW, JJ., concur.

Order unanimously reversed, the bond vacated and the petition dismissed, without costs.